1
2
3
4
5
6
7
8

UNITED STATES  DISTRICT COURT

9

Northern District of California

10

San Francisco Division

11

GARY E. BOLTON, SR.,                                    No. 15-cv-5238 LB

12

    Plaintiff,                          **ORDER OF SERVICE**

13

  v.                                              [Re: ECF Nos. 1, 9]

14

MS. KAREN, Staff Member,

15

    Defendant.

16

_____/

17

### INTRODUCTION

18

 Gary E. Bolton, currently a pretrial detainee in custody at Napa State Hospital, filed this *pro se*

19

prisoner's civil rights action under 42 U.S.C. § 1983.  Mr. Bolton has consented to proceed before a

20

magistrate judge.  (ECF No. 6.)[1]  This action is now before the court for review of Mr. Bolton's

21

amended complaint. This order finds that Mr. Bolton has pled a cognizable § 1983 claim for a due

22

process violation, and directs the U.S. Marshal to serve process on the defendant.

23

### STATEMENT

24

 In the present action, Mr. Bolton filed a complaint, and later an amended complaint.  Although

25

an amended complaint normally supersedes the earlier pleading, both documents must be considered

26

to understand Mr. Bolton's allegations.  The court therefore construes the complaint, as amended by

27

28

  [1]Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1 the amended complaint, to be the operative pleading.

2     Mr. Bolton alleged in his amended complaint that the defendant, Ms. Karen, improperly gave

3 him three injections on October 18, 2015 at Napa State Hospital.  As a result of the "bad

4 medications," he allegedly now has a painful "bubble" on the lower portion of his stomach.  (ECF

5 No. 9 at 4.)  Ms. Karen is a psychiatric technician at Napa State Hospital.  (ECF No. 1 at 2.)  In his

6 original complaint, Mr. Bolton provided some details about the incident, alleging that he was

7 making soup because he was hungry, Ms. Karen told him not to, Mr. Bolton responded by telling a

8 male staff member to call the police because Ms. Karen had threatened him before, and then Ms.

9 Karen called Dr. Pathan and said that the doctor ordered three injections.  (*Id.* at 3.)  Mr. Bolton

10 further alleged that Ms. Karen angrily gave him the injections and, after doing so, stated that he had

11 threatened her.  (Id.)  The medications Mr. Bolton allegedly received by injection on October 18

12 were lorazepam, haloperidol (i.e., Haldol), and benztropine mesylate.  (*Id.*; ECF No. 9 at 3.)

## ANALYSIS

14     A federal court must engage in a preliminary screening of any case in which a prisoner seeks

15 redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

16 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

17 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

18 monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).

19     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right

20 secured by the Constitution or laws of the United States was violated, and (2) that the violation was

21 committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48

22 (1988).

23     To force antipsychotic drugs on a prisoner or on a detainee awaiting trial is impermissible under

24 the federal constitution, "absent a finding of overriding justification and a determination of medical

25 appropriateness."  *Riggins v. Nevada*, 504 U.S. 127, 135 (1992); *see Washington v. Harper*, 494

26 U.S. 210, 229-30  (1990).  In the context of *Harper* and *Riggins*, such an invasion of the human

27 person can only be justified by a determination by a neutral factfinder that the antipsychotic drugs

28 are medically appropriate and that the circumstances justify their application.  *See Kulas v. Valdez*,

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

159 F.3d 453, 455-56 (9th Cir. 1998); *id.* at 456 (procedural safeguards provided for in *Harper* may not apply in an emergency, but no such emergency was shown where inmate was merely loud and uncooperative).   Liberally construed, Mr. Bolton's allegations that Ms. Karen involuntarily medicated him on October 18, 2015 state a cognizable claim under § 1983 against Ms. Karen for a due process violation.

## CONCLUSION

1.   Liberally construed, the complaint, as amended by the amended complaint, states a cognizable § 1983 claim against Ms. Karen for violating Mr. Bolton's right to due process.  All other defendants and claims are dismissed.

2.   The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and amended complaint, a copy of all the documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon the following defendant: Psychiatric technician Ms. Karen at Napa State Hospital.

3.   In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.   No later than **March 25, 2016,** the defendant must file and serve a motion for summary judgment or other dispositive motion.  If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant must so inform the Court prior to the date the motion is due.  If the defendant files a motion for summary judgment, the defendant must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time she files such a motion.  *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).   If the motion is based on nonexhaustion of administrative remedies, the defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b.   The plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon the defendant no later than **April 22, 2016**.  The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

1        c.      If the defendant wishes to file a reply brief, the reply brief must be filed and served

2   no later than **May 6, 2016**.

3        4.   The plaintiff is provided the following notices and warnings about the procedures for

4   motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).  If a defendant files a motion for summary

judgment for failure to exhaust administrative remedies, he or she is seeking to have the case

dismissed.   A plaintiff faced with such a motion can oppose it using the same methods as described

above for other summary judgment motions.  As with other defense summary judgment motions, if a

motion for summary judgment for failure to exhaust administrative remedies is granted, the case will

be dismissed and there will be no trial.

   5.   All communications by the plaintiff with the court must be served on a defendant's counsel

by mailing a true copy of the document to the defendant's counsel.  The court may disregard any

document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel

has been designated, the plaintiff may serve a document by mailing a true copy of the document

directly to the defendant, but once a defendant is represented by counsel, all documents must be

mailed to counsel rather than directly to that defendant.

   6.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further

court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the

parties may conduct discovery.

UNITED STATES DISTRICT COURT
For the Northern District of California

15-cv-5238 LB
ORDER

7.   The plaintiff is responsible for prosecuting this case.  The plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  The plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

8.   The plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: January 19, 2016

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

15-cv-5238 LB
ORDER

6